IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | |
|---|---|
| **RICHARD C. CHURCH, JR.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) Civil Action No. 5:19-00838 |
| v. | ) |
| | ) |
| **SHAWN SPENCE,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

### PROPOSED FINDINGS AND RECOMMENDATION

On November 25, 2019, Plaintiff, acting *pro se*,[1] filed his Application to Proceed Without Prepayment of Fees and Costs and his form Complaint. (Document Nos. 1 and 3.) In his Complaint, Plaintiff names the following as Defendants: (1) Shawn Spence, Greenbrier County Home Confinement Officer; (2) Gary Sims, Greenbrier County Home Confinement Officer; and (3) Dr. Mark Swanson, Blueridge Pain Management. (Document No. 3.) Plaintiff complains that while he was incarcerated at the Southern Regional Jail ("SRJ"), his mother (Lynda Ridgeway) died "of intoxication of pain meds & sleeping pills." (Id.) Plaintiff indicates that he was the "caregiver" for his mother until his home confinement was revoked. (Id.) First, Plaintiff asserts a claim against Home Confinement Officers Spence and Sims. (Id.) Plaintiff asserts that he informed Home Confinement Officers Spence and Sims that his mother needed care if Plaintiff went to jail. (Id.) Plaintiff contends that he requested that Home Confinement Officers Spence and Sims "call a nursing care assistant [for his mother], in [Plaintiff's] absence." (Id.) Plaintiff complains, however,

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

that Home Confinement Officers Spence and Sims "ignored [his] pleas and did nothing." (Id.) Plaintiff states that his mother died on January 21, 2018, at her home in Greenbrier County of "intoxication of pain meds & sleeping pills." (Id.) Plaintiff complains that he was incarcerated at SRJ at the time of his mother's death and the "2 home confinement officers . . . knew my position at home." (Id.) Second, Plaintiff asserts a claim against Dr. Swanson. (Id.) Plaintiff alleges that Dr. Swanson "prescribed high doses of narcotics, pain relievers Oxycodone, Gabapentin, Ambiens (benzos) together, and for very long periods of time." (Id.) Plaintiff concludes that the conduct of Officer Spence, Officer Sims, and Dr. Swanson caused the "wrongful death" of his mother. (Id.)

By Order entered on January 14, 2021, the undersigned directed Plaintiff to "amend his Complaint to specifically set forth his claims and state specific facts as to how each defendant violated his legal rights." (Document No. 8) On February 8, 2021, Plaintiff filed his Amended Complaint. (Document No. 9.) As Defendants, Plaintiff again names the following: (1) Shawn Spence, Greenbrier County Home Confinement Officer; (2) Gary Sims, Greenbrier County Home Confinement Officer; and (3) Dr. Marc Swanson, Blueridge Pain Management. (Id.) Plaintiff again contends that Defendants are responsible for the overdose and death of his mother. (Id.) Specifically, Plaintiff alleges as follows:

> I asked Shaw Spence & Gary Sims to call in nurse care for my mother because she needed help with monitoring her medications due to potential overdose. I asked this on a few different occasions in case of my absence due to an arrest. My calls were ignored. They had a professional and civil duty. Due to new regulations on narcotic pain medication Oxycodone, Oxycodone should not have been prescribed by Dr. Marc Swanson with a mix of Benzodiazepines (Ambien) and Gabapentin, which made up the deadly mixture of narcotic mediation.

(Id., pp. 4 – 5.) As relief, Plaintiff requests "maximum monetary amount allowed by law against all defendants." (Id., p. 6.)

2

## STANDARD

Pursuant to 28 U.S.C. § 1915A, the Court is required to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831 - 32, 104 L.Ed.2d 338 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327, 109 S.Ct. at 1833. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id., 490 U.S. at 327 - 328, 109 S.Ct. at 1833. A complaint therefore fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. With these standards in mind, the Court will assess Plaintiff's allegations in view of applicable law.

This Court is required to liberally construe *pro se* documents, holding them to a less stringent standard than those drafted by attorneys. Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); Loe v. Armistead, 582 F.2d 1291, 1295 (1978). Liberal construction, however, "does not require courts to construct arguments or theories for a *pro se* plaintiff because this would place a court in the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Miller v. Jack, 2007 WL 2050409, at * 3 (N.D.W.Va. 2007)(citing Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978)). Further, liberal construction does not require the "courts to conjure up questions never squarely presented to them." Beaudett

v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). In other words, a court may not construct legal argument for a plaintiff. Small v. Endicott, 998 F.2d 411 (7th Cir.1993). Finally, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Servs., 901 F.2d 387 (4th Cir.1990)). Where a *pro se* Complaint can be remedied by an amendment, however, the District Court may not dismiss the Complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34, 112 S.Ct. 1728, 1734, 118 L.Ed.2d 340 (1992); also see Goode v. Central Va. Legal Aide Society, Inc., 807 F.3d 619 (4th Cir. 2015).

## DISCUSSION

Federal Courts are Courts of limited jurisdiction that are empowered to consider cases authorized by Article III of the United States Constitution and statutes enacted by Congress. Bender v. Williamsport Area School District, 475 U.S. 534, 541, 106 S.Ct. 1326, 1331, 89 L.Ed.2d 501 (1986). Title 28 U.S.C. §§ 1331 and 1332 provide that the Federal Courts have jurisdiction over cases involving federal questions and diversity of citizenship. Title 28 U.S.C. §1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Title 28 U.S.C. §1332 provides that the District Courts shall have original jurisdiction of all civil actions where the matter in controversy (1) exceeds the sum or value of $75,000, exclusive of interests or costs, and (2) is between citizens of different states. 28 U.S.C. §1332(a)(1).[2]

---

[2] Title 28, U.S.C. §1332 specifically provides:

    (a) The district courts shall have original jurisdiction of all civil actions where

In the instant matter, Plaintiff does not allege the basis for the District Court's jurisdiction. Rule 8(a) of the Federal Rules of Civil Procedures provides that a Plaintiff must plead "a short and plain statement of the grounds for the court's jurisdiction." Fed.R.Civ. P. 8(a)(1); also see Dracos v. Hellenic Lines, Ltd., 762 F.2d 348, 350 (4th Cir. 1985)("plaintiffs must affirmatively plead the jurisdiction of the federal court"), citing McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936). Construing Plaintiff's Complaint liberally, the undersigned will consider whether Plaintiff is alleging Section 1331 or 1332 as a basis for the Court's jurisdiction. First, the undersigned finds that Plaintiff's Complaints do not involve any question of "federal law" as to invoke jurisdiction under Section 1331. Specifically, Plaintiff does not allege a violation of a federal statute or constitutional provisions. Liberally construing Plaintiff's Complaint, he appears to be attempting to assert a state law claim under the West Virginia Wrongful Death Act, W. Va. Code § 55-7-6. Next, the Court finds that the District Court does not have diversity jurisdiction pursuant to Section 1332. Section 1332 requires "complete diversity." See Caterpillar Inc. v. Lewis, 519 U.S. 61, 68, 117 S.Ct. 467, 136 L.Ed.2d 437 (1996).

---

the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between –

(1) citizens of different states;

(2) citizens of a State and citizens or subjects of a foreign state . . .;

(3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and

(4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

"Complete diversity" means that a district court shall only have jurisdiction where the citizenship of each plaintiff is diverse from that of each defendant. Id.; 28 U.S.C. § 1332(a). Based upon a review of Plaintiff's Complaints, Plaintiff and his mother[3] were residents of West Virginia. (Document Nos. 3 and 9.) Plaintiff further indicates that Home Confinement Officers Spence and Sims are residents of West Virginia and Dr. Swanson[4] is a resident of Virginia. Thus, Plaintiff and all Defendants are not "citizens of different states." Furthermore, there is no indication that Plaintiff is a personal representative duly appointed to represent the decedent. See Thomas v.

---

[3] For purposes of Section 1332, a personal representative is deemed a resident of the same state as the decedent. *See Thomas v. Brooks Run Min. Co., LLC*, 504 F.Supp.2d 121, * 127 (S.D.W.Va. 2007)(J. Faber)("Applying the plain meaning of 28 U.S.C. § 1332(c)(2), the personal representative of the decedent in a West Virginia wrongful death suit must therefore be deemed to be a citizen of the same state as the decedent.")

[4] To the extent Plaintiff is attempting to set forth a medical malpractice claim against Dr. Swanson, the undersigned notes that Plaintiff must comply with the West Virginia Medical Professional Liability Act ["MPLA"]. Under West Virginia law, a plaintiff must satisfy certain prerequisites prior to filing suit against a health care provider. Specifically, a plaintiff must serve each defendant health care provider with a notice of claim with an attached screening certificate of merit executed under oath by a health care provider qualified as an expert under the West Virginia Rules of Evidence at least thirty (30) days prior to filing suit. W. Va. Code § 55-7B-6. If a plaintiff has insufficient time to obtain a screening certificate of merit prior to the expiration of the applicable statute of limitations, the plaintiff must comply with the provisions of W. Va. Code § 55-7B-6(b) "except that the claimant or his or her counsel shall furnish the health care provider with a statement of intent to provide a screening certificate of merit within sixty days of the date the health care provider receives the notice of claim." W. Va. Code 55-7B-6(d). Compliance with West Virginia Code § 55-7B-6 is mandatory prior to filing suit in federal court. *Stanley v. United States*, 321 F.Supp.2d 805, 806-07 (N.D.W.Va. 2004). West Virginia Code § 55-7B-6(c), however, provides that no screening certificate of merit is necessary where "the cause of action is based upon a well-established legal theory of liability which does not require expert testimony supporting a breach of the applicable standard of care." W. Va. Code § 55-7B-6(c). If a plaintiff proceeds under this subsection, the Plaintiff must "file a statement specifically setting forth the basis of the alleged liability of the health care provider in lieu of a screening certificate of merit. *Id.* There is no indication that Plaintiff has complied with the prerequisites of the MPLA. Furthermore, Plaintiff does not claim that he has filed a statement in lieu of a screening certificate of merit because his cause of action is based upon a well-established legal theory of liability.

Brooks Run Min. Co., LLC, 504 F.Supp.2d 121, * 127 (S.D.W.Va. 2007)(J. Faber)("Under West Virginia law, both traditional and deliberate intention wrongful death suits must be brought by the personal representative duly appointed to represent the decedent, rather than by the statutory beneficiaries."); W.Va. Code 55-7-6. Based on the foregoing, the undersigned finds that this Court lacks subject matter jurisdiction,[5] and Plaintiff's Complaints should be dismissed.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Plaintiff's Motion to Proceed Without Prepayment of Fees and Costs (Document No. 1), **DISMISS** Plaintiff's Complaints (Document Nos. 3 and 8), and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Frank W. Volk. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.

---

[5] To the extent Plaintiff wishes to pursue his claim, Plaintiff should initiate an action in the appropriate State court.

Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Volk and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*.

Date: April 9, 2021.

Omar J. Aboulhosn
United States Magistrate Judge